# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> BRUCE GEORGE LeGEAR, <br><br> Defendant. | No. CR03-4005-DEO <br><br> **REPORT AND RECOMMENDATION ON PETITION TO REVOKE SUPERVISED RELEASE** |

This matter came on for hearing on February 10, 2009, for a report and recommendation on the plaintiff's motion to revoke the defendant's term of supervised release. The plaintiff (the "Government") was represented by Assistant United States Attorney Robert Knief. The defendant Bruce George LeGear was present in person with his attorney, Jay Denne. The parties announced they have reached an agreement regarding the Government's petition to revoke LeGear's term of supervised release. The parties have agreed that the petition should be granted, LeGear's term of supervised release should be revoked, and he should be sentenced to twelve months and one day in prison, with no further term of supervision following his release. The court will engage in the required analysis to determine whether the parties' agreement is acceptable under the applicable statutes.

On October 22, 2003, LeGear was sentenced by the Honorable Donald E. O'Brien to forty months' incarceration after pleading guilty to one count of conspiracy to manufacture methamphetamine within 1,000 feet of a protected location and inducing a person under age eighteen to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, 860(a), and 861(a)(1). *See* Doc. No. 188. He was ordered to be on supervised release for six years following his release from imprisonment. He began his period of supervised release on May 16, 2005.

On June 23, 2005, a petition to revoke LeGear's supervised release was filed by the Government after LeGear was arrested on drug charges in Nebraska, he failed to attend substance abuse treatment as ordered, and he submitted a urine sample that tested positive for drugs. *See* Doc. No. 213. LeGear was not seen in this court on the petition until after his release from prison in Nebraska. On May 18, 2007, LeGear's term of supervised release was revoke, and he was sentenced to an additional sixty days in prison. *See* Doc. No. 242. Upon his release, LeGear began his remaining thirty-five-month term of supervised release on July 2, 2007. He moved into a residential re-entry center, and then requested permission to relocate to the District of Arizona, to be close to his mother and sister. On December 15, 2007, he was discharged successfully from the residential re-entry center, and he moved to Arizona.

On June 9, 2008, U.S. Probation Officer Sandra L. Dodge filed a petition for issuance of a warrant for LeGear's arrest based on alleged violations of his conditions of supervised release. Dodge alleged LeGear had failed to appear for a scheduled mental health assessment, and after he finally did appear, he failed to comply with the treatment recommendations that resulted from the assessment. She further alleged LeGear provided urine samples on three occasions that tested positive for drugs; on two other occasions, he did not submit urine samples but confirmed that if he had, they would have tested positive for drugs; and he failed to submit urine samples on five occasions. In addition, LeGear failed to maintain contact with his probation officer as required, and his whereabouts were unknown between April 2008 and the time of his arrest in December 2008. Because of his continuing violations, the District of Arizona transferred LeGear's supervision back to this district. *See* Doc. No. 260.

At the revocation hearing, LeGear stipulated and admitted to all of the violations alleged in the petition for revocation. The court therefore finds "by a preponderance of the evidence that the defendant violated a condition of his supervised release." *United*

*States v. Hall*, 984 F.2d 387, 390 (10th Cir. 1993) (citing 18 U.S.C. § 3583(e)(3)). Having so found, 18 U.S.C. § 3583(e) requires the court to consider certain specified factors set forth in 18 U.S.C. § 3553(a), in making a determination as to whether the defendant's term of supervised release should be terminated, extended, modified, or revoked. Although the court is not required to cite each relevant factor in section 3553(a), *see United States v. Franklin*, 397 F.3d 604, 607 (8th Cir. 2005), the relevant factors are set forth here for the convenience of the district court in reviewing this Report and Recommendation:

> (a) . . . The court, in determining the particular sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>
> > \* \* \*
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> \* \* \*
>
> (4) the kinds of sentence and the sentencing range established for –
>
> > \* \* \*
> >
> > (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines

3

or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement –

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced[;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e). After considering these factors, the court may terminate, extend, revoke, or modify the term of supervised release as set forth in section 3583(e). Accordingly, the court turns to consideration of the factors set forth above.

### A. *Nature and circumstances of offense, and LeGear's history and characteristics*

LeGear's original offense and his prior revocation sentence arose from his involvement with illegal drugs. The record indicates LeGear was involved in manufacturing methamphetamine, and he dragged others, including a juvenile, into his drug activities. He has demonstrated an ongoing inability to stay away from illegal drugs, indicating he has a serious drug addiction problem himself. This factor weighs heavily in favor of revocation.

4

## B. Deterrence of criminal conduct

Any modification of supervised release imposed upon LeGear must "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(1)(2)(B). The court finds there are no modifications of the terms of supervised release that would adequately deter further criminal conduct by LeGear. Accordingly, revocation is appropriate.

## C. Protection of the Public from Further Crimes

As stated above, the court finds there are no modifications of the terms of LeGear's supervised release that would result in adequate protection of the public from further crimes. He appears to have an uncontrollable drug habit that makes him incapable of successful supervision at this time. Therefore, revocation is appropriate.

## D. Defendant's Need for Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

There is no evidence regarding LeGear's need for educational or vocational treatment, or other correctional treatment.

## E. Sentencing Considerations

The statute requires the court to consider pertinent policy statements issued by the United States Sentencing Commission, in effect at the time of LeGear's sentencing. 18 U.S.C. § 3553(a)(5). The court finds two such policy statements to be relevant to this inquiry. The first, Classification of Violations, U.S.S.G. § 7B1.1 (Policy Statement), sets forth three grades of supervised release violations. has committed Grade C violations. A Grade C violation consists of:

> conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

Having so found, the Court looks to the Sentencing Commission's instructions upon a finding of a Grade C violation:

> Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.3(a)(2), Revocation of Probation or Supervised Release (Policy Statement).

Upon revocation, the recommended range of imprisonment pursuant to the Sentencing Guidelines, based upon LeGear's criminal history category at the time of his original sentence, would be three to nine months, utilizing the Revocation Table at U.S.S.G. § 7B1.4 (Policy Statement). Pursuant to 18 U.S.C. § 3583(e)(3), the maximum revocation sentence is twenty-two months for a Class C felony.

### F.    *Sentencing Disparities*

The final consideration is whether the court's decision here will result in "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" 18 U.S.C. § 3553(a)(6). The court finds it will not.

### G.    *Recommendation*

Upon consideration of all of the above factors, the court finds LeGear's term of supervised release should be revoked. The court further recommends the district court accept the parties' agreement and sentence LeGear to twelve months and one day in prison, with no further term of supervision following his release.

## *CONCLUSION*

Based upon the foregoing analysis, IT IS RESPECTFULLY RECOMMENDED, unless any party files objections[1] to this Report and Recommendation, that the Government's motion to revoke LeGear's supervised release be **granted**, and LeGear be sentenced as set forth above.

The court anticipates no objections based on the parties' agreement. However, if any party objects to this Report and Recommendation, objections must be filed **by February 16, 2009.**

**IT IS SO ORDERED.**

**DATED** this 12th day of February, 2009.

*[signature: Paul A. Zoss]*

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[1] Objections must specify the parts of the report and recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72.